IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

LION OIL COMPANY, LLC,

    *Plaintiff*

V.                                                      Civil Action No. _____

SPECIALTY WELDING AND                JURY DEMAND
TURNAROUNDS, LLC,

    *Defendant*

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Comes now, Lion Oil Company, LLC, ("Lion" or "Plaintiff" herein) and for its Complaint against Defendant, Specialty Welding and Turnarounds, LLC, ("SWAT" or "Defendant" herein) states the following:

### I. NATURE OF THE ACTION

1. This is a case for property damage and business interruption damages arising out of an explosion and fire at the Lion Oil Company Refinery in El Dorado, Arkansas, that occurred on February 27, 2021 (the "Incident"). Defendant was a contractor performing work during a turnaround when the explosion and fire occurred. Plaintiff contends that Defendant was negligent during the performance of its work and caused the fire and explosion. Plaintiff seeks recovery of its property damage and business interruption damages caused by the Incident.

1

## II. PARTIES

2. Plaintiff, Lion Oil Company, LLC, is a limited liability company organized under Arkansas law. Its sole member is Delek US Energy, Inc., a corporation organized under Delaware law with its principal place of business in Brentwood, Tennessee.

3. Defendant, Specialty Welding and Turnarounds, LLC, is a Louisiana limited liability company who may be served with process by serving its registered agent for service, Capitol Corporate Services, Inc., at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201, or any other place where it may be found.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the Complaint is between citizens of different states and the amount in controversy exceeds the sum of or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this district and in this Court pursuant 28 U.S.C. §1391(b)(2) because the events or omissions giving rise to this claim occurred at Plaintiff's refinery in El Dorado, Arkansas.

## IV. FACTS

6. On or about February 27, 2021, there was an explosion and fire at Lion's El Dorado Refinery ("the Refinery").

7. The Incident was caused by the negligence of SWAT (by and through SWAT's employees, servants, agents, and/or subcontractors) as is described more particularly below.

8. The Refinery is owned by Lion.

9. During the early part of 2021, the Refinery was undergoing a turnaround, during which significant maintenance was performed. Contractors were working at the Refinery during the turnaround. One of the contractors performing work at the Refinery was SWAT.

10. During the turnaround, a contractor constructed a pipe bridge to cover a temporary hydrocarbon line that had been run across a road.

11. SWAT drove a tractor pulling a trailer hauling a heat exchanger bundle down the road where the temporary hydrocarbon line was in place.

12. When SWAT reached the pipe bridge that covered the temporary hydrocarbon line, it attempted to drive over it. However, the SWAT tractor driver was unable get the trailer over the pipe bridge.

13. Instead of SWAT recognizing it was not able to safely cross the pipe bridge with the heavy trailer and heat exchanger bundle, it recklessly attempted to cross the pipe bridge another time. The SWAT spotter told the SWAT tractor driver to back up and hit it again to try to get the trailer wheels on top of the pipe bridge.

14. The driver then backed up and gunned the engine to attempt to get over the pipe bridge. When SWAT attempted to cross the pipe bridge on this occasion, it failed again.

15. Instead of crossing the pipe bridge, the SWAT tractor driver pushed the pipe bridge and the pipe it was covering forward. The force disconnected the pipe.

16. When the pipe became disconnected, it caused the release of hydrocarbon vapor that ignited, causing the Incident and Plaintiff's damages.

### V. CAUSES OF ACTION - NEGLIGENCE

17. Plaintiff incorporates by reference and re-alleges the foregoing paragraphs.

18. In performing its work for Plaintiff at the Refinery, SWAT had a duty to use ordinary care for the safety of Lion and its property. Specifically, SWAT had a duty to make certain that it performed its work in a manner that did not result in damage to the Refinery.

19. Defendant's duty to use ordinary care means it must use the care a reasonably careful person would use under similar circumstances. Defendant breached that duty when it allowed or caused the pipe to become disconnected, causing damage to the Refinery. Defendant breached that duty by its conduct individually, and/or collectively, through the acts and/or omissions of Defendant's agents, servants, subcontractors, and/or employees during the course and scope of their employment. The breach of this duty proximately caused damages suffered by Lion.

20. SWAT was negligent in its repeated efforts to try to cross the pipe bridge when it knew, or reasonably should have known, that the pipe bridge covered a line running across the road that contained a combustible hydrocarbon. The conduct of the Defendant constituted negligence, and such negligent conduct was a proximate cause of the occurrence and damages to Plaintiff. Defendant's negligent actions or omissions included, but are not limited to, one or more of the following non-exclusive particulars:

   a. attempting to cross a pipe bridge when it knew, or should have known, that it was unable to safely cross the pipe bridge;

   b. repeatedly attempting to cross the pipe bridge after it was unable to do so;

   c. failing to properly use lookouts or spotters as it attempted to cross the pipe bridge;

   d. continuing its efforts to cross the pipe bridge after the pipe bridge moved, causing the hydrocarbon line to disconnect; and/or

   e. failing to operate the vehicle as a company of ordinary prudence would have in the same or similar circumstance.

21. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant constituted negligence and such negligence was a proximate cause of the occurrence and Plaintiff's damages.

22. Plaintiff would show by clear and convincing evidence that the Defendant's conduct described above would naturally and probably result in damage and that it continued such conduct in reckless disregard of the consequences from which malice may be inferred, for which Defendant should be liable for punitive and/or exemplary damages.

## VI. DAMAGES

23. Plaintiff incorporates by reference and re-alleges the foregoing paragraphs.

24. Plaintiff sustained significant losses and damages as a result of Defendant's negligent and reckless conduct that caused the Incident.

25. Plaintiff respectfully requests that the trier of fact determine the amount of its damages and losses incurred in the past, as well as the monetary value of these damages, which include, but are not limited to:

    a. Property damage;

    b. Cost of repair and/or replacement;

    c. Loss of income and/or business interruption; and

    d. Punitive and exemplary damages.

26. Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, all costs of court, and judgment for all other relief, both in law and in equity, to which Plaintiff may be entitled.

## VII. JURY DEMAND

27. Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## VIII. Prayer

WHEREFORE, Plaintiff prays that the Court award judgment against Defendant, that Plaintiff recover the enumerated damages and punitive damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover prejudgment and post-judgment interest at the maximum rate to which Plaintiff is justly entitled to recover under the law, and for all other further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PPGMR Law, PLLC**

Julie DeWoody Greathouse, AR Bar No. 99159
Julie@ppgmrlaw.com
G. Alan Perkins, AR Bar No. 91115
alan@ppgmrlaw.com
Brian Ratcliff, AR Bar No. 88154
brian@ppgmrlaw.com
M. Christine Dillard, AR Bar No. 2019161
Christine@ppgmrlaw.com
P.O. Box 3446
Little Rock, Arkansas 72203
Tel.: (501) 603-9000
Fax: (501) 603-0556

And

**ZABEL FREEMAN**

Tom Zabel (*pro hac vice* to be requested)
tzabel@zflawfirm.com
Brook F. Minx (*pro hac vice* to be requested)
bminx@zflawfirm.com
Richard T. Fass (*pro hac vice* to be requested)
rfass@zflawfirm.com
Taylor Ann Cruse (*pro hac vice* to be requested)
tcruse@zflawfirm.com
1135 Heights Boulevard
Houston, Texas 77008
Tel: (713) 802-9117
Fax: (713) 802-9114

**ATTORNEYS FOR PLAINTIFF**