IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

LION OIL COMPANY, LLC                                            PLAINTIFF

v.                      NO. 1:22-cv-01051-SOH

SPECIALTY WELDING AND                                            DEFENDANT/
TURNAROUNDS, LLC,                                            THIRD-PARTY PLAINTIFF

v.

TURN2 SPECIALTY COMPANIES, LLC;          THIRD-PARTY DEFENDANTS
HYDROCHEM, LLC;
HYDROCHEM INDUSTRIAL CLEANING, LLC; and
APACHE REFINERY SERVICES INTERNATIONAL, LLC

## THIRD-PARTY COMPLAINT

Comes Defendant/Third-Party Plaintiff, Specialty Welding and Turnarounds, LLC ("SWAT"), by and through its attorneys, Barber Law Firm PLLC, and for its Third-Party Complaint pursuant to FRCP Rules 14 and 19, states:

### Parties and Jurisdiction

1. SWAT is a Louisiana limited liability company which maintains its principal place of business in Gonzales, Louisiana.

2. Turn2 Specialty Companies, LLC ("Turn2") is a Texas limited liability company which maintains its principal place of business in Baytown, Texas. Turn2 may be served through its registered agent, CT Corporation System, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

3. HydroChem, LLC, is a Texas limited liability company which maintains its principal place of business in Deer Park, Texas. HydroChem may be served through its counsel,

Raymond A. Neur of Sheehy, Ware, & Pappas, PC, 2500 Two Houston Center, 909 Fanin Street, Houston, TX 77010.

4. HydroChem Industrial Cleaning, LLC, is a Texas limited liability company which maintains its principal place of business in Deer Park, Texas. HydroChem Industrial Cleaning, LLC, may be served through its counsel, Raymond A. Neur of Sheehy, Ware, & Pappas, PC, 2500 Two Houston Center, 909 Fanin Street, Houston, TX 77010.

5. Apache Refinery Services International, LLC ("Apache"), is a Delaware limited liability company which maintains its principal place of business in Houston, Texas, which may be served through its counsel, William R. Moye and Megan Foy of Thompson, Coe, Cousins, & Irons, LLP, One Riverway, Suite 1400, Houston, TX 77056.

6. This Court has jurisdiction over the parties and subject matter of this Third-Party Complaint and venue is proper in this Court.

## Factual Allegations

7. Defendant/Third-Party Plaintiff SWAT incorporates the allegations contained in the preceding paragraphs as if set forth word for word herein.

8. All matters set forth SWAT's Amended Answer, including its affirmative defenses, are incorporated herein as if set forth in their entirety.

9. Plaintiff has sued SWAT, alleging SWAT "was negligent during the performance of its work and caused the [February 27, 2021] fire and explosion" when SWAT's tractor and trailer drove over a pipe bridge covering a pipe which had been used to transport naptha at the Refinery. Plaintiff's Complaint alleges the following facts leading up to the incident:

   a. During the early part of 2021, the Refinery was undergoing a turnaround, during which significant maintenance was performed. Contractors were working at the Refinery during the turnaround….

    b. During the turnaround, a contractor constructed a pipe bridge to cover a temporary hydrocarbon line that had been run across a road.

*See* Plaintiff's Complaint (Doc. 2), ¶¶9-10.

10. Plaintiff's Complaint alleges a cause of action against SWAT grounded in negligence.

11. SWAT disputes Plaintiff's allegations and denies any liability to Plaintiff. However, SWAT asserts this Third-Party Complaint because, upon information and belief, Third-Party Defendants' actions or inactions caused or contributed to the February 27, 2021, fire and explosion.

12. Upon information and belief, Turn2; HydroChem, LLC; HydroChem Industrial Cleaning, LLC; and Apache Refinery Services International, LLC were contractors working at the Refinery at the time of the incident.

13. Although Plaintiff has failed or refused to identify the contractor(s) which constructed the pipe bridge, nor has Plaintiff identified which contractor (if any) installed the temporary hydrocarbon line and subsequently failed to timely remove it, upon information and belief, Turn2; HydroChem, LLC; HydroChem Industrial Cleaning, LLC; and Apache Refinery Services International, LLC were such contractors who undertook these actions and inactions.

### Negligence

14. The foregoing allegations are incorporated as if made here.

15. Any alleged loss or damage arising from the incident were not caused by any alleged fault or negligence of SWAT.

16. Rather, Plaintiff's alleged damages were due to and proximately caused not only by Plaintiff's own fault, but also by the fault, negligence, lack of due diligence, and want of care of Third-Party Defendants.

17. Third-Party Defendants are thus joint tortfeasors for the purposes of the right of allocation of fault or "contribution" as defined by Act 1116. Defendant has the right to add Third-Party Defendants as parties to this matter for purposes of the right of allocation of fault. The negligence, fault, and responsibility of the Third-Party Defendants must be determined and apportioned, so that the several liability of Defendant can be determined.

18. While continuing to deny that Defendant engaged in any actionable or improper conduct as Plaintiff alleges, and while continuing to deny and liability arising from such accident, Defendant asserts that it is entitled to contribution and/or allocation of fault from Third-Party Defendants as their negligent conduct proximately caused all or some of the damages of which Plaintiff complains in this case.

19. Defendant is thus entitled to have Third-Party Defendants on the verdict form, so that the jury can determine the allocation and apportionment of fault of all parties so that the several liability of Defendants, if any, can be determined. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, Third Party Defendants are also necessary parties, as complete relief cannot be accorded without their inclusion on the verdict form.

20. SWAT requests a trial by jury.

21. SWAT reserves the right to plead further.

WHEREFORE, Defendant/Third-Party Plaintiff, Specialty Welding and Turnarounds, LLC ("SWAT"), respectfully prays for apportionment of fault among all parties hereto pursuant to the Civil Justice Reform Act and Declaratory Judgment Act, including Third-Party Defendants consistent with this Third-Party Complaint, and for any other just and proper relief to which it may be entitled.

Respectfully submitted,

 */s/ Rachel Hildebrand Kane*
R. Kenny McCulloch   AR 88044
G. Spence Fricke   AR 79068
Rachel H. Kane   AR 2017134
Attorneys for Defendant
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
rkmcculloch@barberlawfirm.com
gsfricke@barberlawfirm.com
rhildebrand@barberlawfirm.com