IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

LION OIL COMPANY, LLC                                           PLAINTIFF

v.                          NO. 1:22-cv-01051-SOH

SPECIALTY WELDING AND                                    DEFENDANT/
TURNAROUNDS, LLC,                                THIRD-PARTY PLAINTIFF

v.

TURN2 SPECIALTY COMPANIES, LLC;          THIRD-PARTY DEFENDANTS
HYDROCHEM, LLC;
HYDROCHEM INDUSTRIAL CLEANING, LLC; and
APACHE REFINERY SERVICES INTERNATIONAL, LLC

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Comes now Defendant Specialty Welding and Turnarounds, LLC, by and through its attorneys, Barber Law Firm PLLC, and for its Motion to Dismiss, filed pursuant to Rule 12 of the Federal Rules of Civil Procedure and Local Rule 7.2 of this Court, states:

1. This diversity action must be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3).

2. There is no complete diversity between Plaintiff, a citizen of Delaware (Doc. 1 ¶ 2) and Specialty Welding and Turnarounds, LLC, a citizen of Delaware (Doc. 45), as required by 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613 (2005); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

3. Because original jurisdiction over Plaintiff's claims is lacking, there is no supplemental jurisdiction over Specialty Welding and Turnarounds, LLC's claims under Rules 13

and 14 of the Federal Rules of Civil Procedure, and these ancillary claims are also subject to dismissal. *See* 28 U.S.C.S. § 1367(a), (b); Fed. R. Civ. P. 13(a) (requiring district courts to have original jurisdiction); *Stafford v. Bath Planet of Arkansas*, No. 6:20-CV-6005-RTD, 2020 U.S. Dist. LEXIS 218685, at *7-8 (W.D. Ark. Nov. 23, 2020) (citing *St. Jude Medical, Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 594 (8th Cir. 2001)); *Pemiscot Cty. Port Auth. v. Rail Switching Servs.*, No. 1:13-CV-60 (CEJ), 2013 U.S. Dist. LEXIS 188234, at *4-5 (E.D. Mo. Oct. 9, 2013).

4. A supporting brief is filed with the present motion. *See* Local R. 7.2(a).

5. The present motion is supported by the pleadings and papers filed of record.

WHEREFORE, Defendant Specialty Welding and Turnarounds, LLC prays that Plaintiff's Complaint and all claims herein be dismissed, for its attorney's fees and costs herein expended, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

R. Kenny McCulloch   AR 88044
rkmcculloch@barberlawfirm.com
G. Spence Fricke   AR 79068
gsfricke@barberlawfirm.com
Adam D. Franks       AR 2016124
gsfricke@barberlawfirm.com
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (888) 412-3288

*Attorneys for Defendant Specialty Welding and Turnarounds, LLC*