IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LION OIL COMPANY, LLC                                                                                    PLAINTIFF

v.                                          Case No. 1:22-cr-1051

SPECIALTY WELDING AND
TURNAROUNDS, LLC                                          DEFENDANT/THIRD PARTY PLAINTIFF

TURN2 SPECIALTY COMPANIES, LLC, *et al.*          THIRD PARTY DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant/Third-Party Plaintiff Specialty Welding and Turnarounds, LLC ("SWAT LLC"). ECF No. 46. Plaintiff Lion Oil Company, LLC ("Lion Oil") has responded to the Motion to Dismiss with a Motion to Stay Ruling on Defendant's Motion to Dismiss. ECF No. 50. SWAT LLC has filed a response to the Motion to Stay Ruling. ECF No. 52. Both motions are ripe for the Court's consideration. For the reasons stated below, the Court finds that SWAT LLC's Motion to Dismiss (ECF No. 46) should be granted.

## I. BACKGROUND

On August 30, 2022, Lion Oil filed this action for property damage and business interruption damages arising out of an explosion and fire at the Lion Oil Refinery in El Dorado, Arkansas. SWAT LLC was a contractor performing work at the refinery when the explosion and fire occurred. Lion Oil alleges that SWAT LLC was negligent during the performance of its work and caused the fire and explosion.

In its complaint, Lion Oil states that it is a limited liability company organized under

Arkansas law and that its sole member is Delek US Energy, Inc., a corporation organized under Delaware law with its principal place of business in Brentwood, Tennessee. ECF No. 2, at ¶ 2. Lion Oil further alleges in its complaint that SWAT LLC is a "Louisiana limited liability company." ECF No. 2, at ¶ 3. Lion Oil asserts that, pursuant to 28 U.S.C. § 1332(a)(1), this Court has subject matter jurisdiction, because the complaint is between citizens of different states and the amount in controversy exceeds the sum of or value of $75,000. ECF No. 2, at ¶ 4.

On October 6, 2022, SWAT filed its answer, in which SWAT LLC admitted Lion Oil's allegations that SWAT LLC is a Louisiana based limited liability company and that jurisdiction is proper in this Court. ECF No. 9, at ¶¶ 2-4. SWAT LLC also asserted a compulsory counterclaim for damage to its tractor and trailer. On October 13, 2022, SWAT LLC filed an amended answer and counterclaim, again admitting that it is a Louisiana based limited liability company and that jurisdiction is proper in this Court. ECF No. 13, at ¶¶ 2-4. On that same day, SWAT LLC filed a third-party complaint against several parties, alleging that SWAT LLC is a Louisiana based limited liability company with its principal place of business in Gonzales, Louisiana. ECF No. 14, at ¶ 1. SWAT LLC also alleges that "the Court has jurisdiction over the parties and subject matter of this Third-Party Complaint and venue is proper in this Court." ECF No. 14, at ¶ 6.

On October 28, 2022, SWAT LLC filed its first Corporate Disclosure Statement, stating that "it is owned by a private equity fund, Orix Capital Fund, I, LP and Orix Corporation owns 10% of Orix Capital Fund I, LP." ECF No. 21. On November 8, 2022, SWAT LLC filed its second Corporate Disclosure Statement, stating that it "is owned by a private equity fund, Orix Capital Fund I, LP and Orix Corporation owns 10% or more of Orix Capital Fund I, LP." ECF No. 22.

On March 29, 2023, SWAT LLC filed a Motion for Leave to File Second Amended Answer

and for Voluntary Dismissal of Third Party-Defendants.  ECF No. 40.  In its proposed amended answer attached to its motion, SWAT LLC again admitted that it is a Louisiana based limited liability company but, for the first time, denied that jurisdiction and venue were proper.  ECF No. 40-1, at ¶¶ 2-5.  Then, on May 10, 2023, SWAT LLC filed an Amended Corporate Disclosure Statement, stating that the "sole member of [SWAT LLC], a Louisiana limited liability company, is SWAT Acquisition Holdings, Inc., a Delaware corporation with a principal place of business in Dover, Kent County, Delaware."  ECF No. 45, at ¶ 1.  SWAT LLC also affirms that this statement "was true on August 30, 2022, and remains true."[1]  ECF No. 45.  SWAT goes on to explain that "ORIX Corporation, a publicly traded corporation, *indirectly* owns more than 10% of the stock of SWAT Acquisitions Holdings, Inc. and of [SWAT] LLC."  ECF No. 45, at ¶ 2 (emphasis in original).

On May 10, 2023, SWAT LLC filed the instant Motion to Dismiss, arguing that the Court must dismiss Lion Oil's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), because complete diversity of citizenship between Lion Oil and SWAT LLC does not exist.  ECF No. 46.  Lion Oil asks the Court to stay its ruling on the Motion to Dismiss for 120 days so that Lion Oil can conduct jurisdictional discovery regarding the citizenship of SWAT LLC.  ECF No. 51.

## II.  LEGAL STANDARD

At issue in a factual Federal Rule of Civil Procedure 12(b)(1) motion to dismiss is the Court's jurisdiction—its power to hear the case.  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  Thus, the Court is free to weigh the evidence relevant to jurisdiction and satisfy itself as to the existence of its power to hear the case.  *Id.*  Accordingly, when ruling on a Rule 12(b)(1) motion to dismiss, the Court is free to review matters outside of the complaint and no presumptive

---

[1] August 30, 2022, is the date Lion Oil filed its complaint.

3

truthfulness attaches to allegations in the complaint. *Id.* If the Court lacks subject matter jurisdiction, the Court must dismiss the case. Fed. Rule of Civ. P. 12(h)(3). The party asserting subject matter jurisdiction has the burden of proving its existence. *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Federal diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332. "If any plaintiff is a citizen of the same state as any defendant, there is not 'complete diversity' and federal courts lack jurisdiction." *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262-63 (8th Cir. 2023) (citing *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021)). "[A]n LLC's citizenship is that of its members." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). "A corporation . . . is a citizen of every state where it is incorporated and the state where it has its principal place of business." *Great River*, 81 F.4th at1263.

Plaintiff, the party seeking a federal forum, bears the burden of pleading the citizenship of SWAT LLC. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Com. Credit LLC, v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (2004). "[N]o action of the parties—including consent—can confer subject matter jurisdiction." *Great River*, 81 F.4th at 1263 (citing *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

### III. DISCUSSION

SWAT LLC argues that there is no complete diversity of citizenship between the parties and thus this case must be dismissed. Lion Oil, a corporation, is a Delaware citizen because it is incorporated in Delaware. SWAT LLC is also a citizen of Delaware because its sole member is

SWAT Acquisition Holdings, Inc., which is incorporated in Delaware. Because Lion Oil and SWAT LLC are both citizens of Delaware, complete diversity under 28 U.S.C. § 1332 does not exist.

Lion Oil moves the Court to allow it to conduct jurisdictional discovery regarding the citizenship of SWAT LLC. Lion Oil argues that SWAT LLC "should not be allowed to sit behind statements of counsel, particularly after admitting that jurisdiction is proper three times and invoking jurisdiction on its own crossclaim and counterclaim." ECF No. 51, at 6. The Court finds it troubling that SWAT LLC admitted facts that were not true but also notes that Plaintiff failed to include jurisdictional allegations in its complaint related to the citizenship of SWAT LLC. Nevertheless, Eighth Circuit precedent is clear. If SWAT LLC's sole member is a citizen of Delaware, it is a citizen of Delaware—"admission to the contrary cannot change that fact." *Id.* at 1263.

The Court understands why Lion Oil is hesitant to accept SWAT LLC's tardy claim that it is actually a citizen of Delaware, given SWAT LLC's prior admissions to the contrary. Nevertheless, the Court is satisfied that the record now correctly reflects that SWAT LLC is a Delaware citizen. ECF Nos. 45, 52-1, 52-2. Consequently, because Lion Oil and SWAT LLC are both citizens of Delaware, the Court lacks subject matter jurisdiction over this case.

## IV. CONCLUSION

For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, SWAT LLC's Motion to Dismiss (ECF No. 46) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The Court further finds that Lion Oil's Motion to Stay Ruling on Defendant's Motion to Dismiss (ECF No. 50) is **DENIED**. Because the Court lacks subject matter jurisdiction over this case, SWAT LLC's Motion for Leave to File Second

Amended Answer (ECF No. 40) and Moton for Leave to File Supplement (ECF No. 54) are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 29th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge